JULIA A. C. WOOD, executrix, and others executors &c., *vs.* BENJAMIN F. HUNT and others.

When a party receives a conveyance of land or other property from an insolvent, without actually paying, securing or becoming bound to pay any consideration therefor, no further proof of knowledge or notice of the fraudulent intent of the grantor against his creditors, is necessary in order to charge the grantee with complicity in the fraud.

The subsequent voluntary payment by the grantee of valid debts existing against the grantor, or the purchase of obligations against him, or even the payment of some money, subsequently, to the grantor, will not create a presumption in favor of the good faith of the grantee, or sustain the validity of the conveyance.

Nor does the grantee, by such evidence alone, present a case which entitles him to demand, as a condition to the granting of relief to the creditors of such a grantor by adjudging it void and directing a sale of the premises,

Wood *v.* Hunt.

and the satisfaction of a judgment creditor from the proceeds of the sale, that any provision shall be made for the indemnity of the grantee for sums which he has voluntarily paid to parties having demands against the grantor.

The complicity of the grantee in the fraud of the grantor deprives him of any right to relief in respect to such payments, from a court of equity.

A grantee of a well known insolvent, who cannot show that he paid some present consideration at the time of the conveyance, or that he then secured, or undertook by some promise, to pay in future, cannot claim to be ignorant of the fraudulent intent of the grantor against his creditors.

On a trial occurring in January, 1860, a defendant was not authorized to give evidence as a witness in his own behalf, in a suit brought by an executor of a deceased person, notwithstanding a co-defendant, united with him in interest, had been previously examined as a witness for the plaintiff.

Plaintiffs cannot be permitted to depart from the case made by their own complaint, in respect to the unity of interest of the defendants, and adopt, for the purpose of defeating the application of a defendant to be examined as a witness in his own behalf, the case made by the answer of such defendant.

A judgment declaring a conveyance fraudulent and void as against creditors directed the premises to be sold, and that out of the proceeds the plaintiffs' judgments be satisfied; that the surplus, if any, be deposited in the trust company; and in case of a deficiency on the sale, that the defendant account for the rents and profits of the premises. *Held* that the judgment was erroneous in directing a sale of the premises to take place before the accounting; that provision rendering the judgment interlocutory, and preventing an appeal by the defendant and a stay of proceedings until after the premises should have been sold.

*Held, also,* that the judgment was erroneous in directing the surplus proceeds of the sale to be deposited in the trust company, instead of directing them to be paid over to the defendant.

APPEALS from a judgment entered upon the report of a referee, on the 23d day of January, 1861, and from an order made at a special term, on the 16th of March, 1861, denying a motion to set aside the judgment. The action was brought by the plaintiffs as executrix and executors of Silas Wood, deceased, who was a judgment creditor of Benjamin F. Hunt, senior, to set aside a conveyance of real estate made by said Benjamin F. Hunt, senior, to the defendant Benjamin F. Hunt, junior, as fraudulent and void as

against the creditors of the grantor. The cause was referred to a referee, who found the following facts:

1. That Benjamin F. Hunt, senior, on or about the 24th day of October, 1845, at the city of New York, made his promissory note of that date for the sum of $1400, payable ninety days after date, to the order of Thomas Beilby, which was indorsed by said Thomas Beilby and by John Moorehead, and delivered to Silas Wood, who, on the 24th day of December, 1847, recovered judgment thereon, in the superior court of the city of New York, for $1791.60, of which judgment a transcript was on the same day filed in the office of the clerk of the city and county of New York, and another transcript in the office of the clerk of the county of Kings, and the said judgment was thereupon docketed in the office of each of said clerks; that on the 25th day of January, 1848, executions upon the said judgment against the property of said Benjamin F. Hunt, senior, were duly issued and delivered, one to the sheriff of the city and county of New York, and the other to the sheriff of the county of Kings, which were afterwards duly returned wholly unsatisfied; and on or about the 13th of October, 1848, another like execution on said judgment was duly issued to said sheriff of the city and county of New York, and afterwards returned wholly unsatisfied; that on or about the 23d day of May, 1848, the said Silas Wood recovered another judgment in the superior court against said Benjamin F. Hunt, senior, and Thomas Beilby, for the sum of $922.79, of which a transcript was also filed and said judgment docketed in the office of the clerk of the city and county of New York, and an execution thereupon issued to the sheriff of the said city and county, and by said sheriff returned wholly unsatisfied; that on or about the 30th day of July, 1849, the said Silas Wood recovered another judgment in the superior court, against the said Benjamin F. Hunt, senior, and Thomas Beilby, for the sum of $1054.24, of which a transcript was filed and said judgment was docketed in the office of the clerk of the

Wood *v.* Hunt.

city and county of New York; that on or about the 30th day of June, 1852, the said Silas Wood died at the city of New York, leaving his last will, duly executed, wherein and whereby he nominated and appointed the plaintiffs in this action executrix and executors thereof, which will was duly admitted to probate and proved before the surrogate of the city and county of New York, and on or about the 4th day of August, 1852, letters testamentary thereon were duly granted and issued by said surrogate to the plaintiffs as such executrix and executors, who qualified and have acted as such, and that no part of the amounts of said judgments or either of them has been paid, but they still remain in full force and wholly due.

2. That on or about the 7th day of May, in the year 1846, the said Benjamin F. Hunt, senior, executed and delivered to Benjamin F. Hunt, his son, and one of the defendants in this action, his deed of that date, purporting to be made for the consideration of $40,000, and to grant and convey to said defendant Benjamin F. Hunt, his heirs and assigns, in fee, with covenant of warranty and the usual full covenants, five lots of land situated at the corner of Jefferson and South streets in the city of New York, on which the New York rice mills and its warehouse and stores are erected, with all the wharf and water privileges belonging thereto, in said deed and complaint described, subject nevertheless to two mortgages made by said Benjamin F. Hunt, senior, to secure in the aggregate $32,000, stated to include and constitute so much of the purchase money in the deed stipulated, which deed was recorded in the office of the register of the city and county of New York on the 11th day of May, 1846.

3. That the said Benjamin F. Hunt, senior, at the time of making the said deed, was largely indebted and was insolvent, and on said 11th day of May, 1846, judgment in favor of the president and managers of the Delaware and Hudson Canal Company was recovered against him in the

court, and docketed in said office of the clerk of the city and county of New York, for the sum of $2000; that the said premises conveyed by said deed were at the time of such conveyance of the value of $40,000, or thereabouts; that the defendant Benjamin F. Hunt did not at the time of such conveyance give to said Benjamin F. Hunt, senior, any security or obligation for the payment of the sum of $8000, the difference between the consideration of $40,000 expressed in said deed and the amount of the mortgages then on said premises, (thirty-two thousand dollars,) or any part thereof, nor then pay to said Benjamin F. Hunt, senior, or any other person, any part of said $8000; that after the making of said deed, and between that time and the 12th day of May, 1850, the defendant Benjamin F. Hunt, with and out of the proceeds of the business carried on in and upon the said premises conveyed as aforesaid, and otherwise, paid to or for account of said Benjamin F. Hunt, senior, and in payment of debts and liabilities of said Benjamin F. Hunt, senior, various sums of money, amounting with the interest thereon in the aggregate (including the balance of a running account between said Benjamin F. Hunt, senior, and the rice mills on said premises, from the 7th day of May, 1846, to the 11th day of May, 1850,) to said sum of $8000 and the interest thereon, and which is the only consideration claimed to have been paid by the defendant Benjamin F. Hunt for the conveyance to him of the said premises, subject to said mortgages.

4. That the said conveyance by said Benjamin F. Hunt, senior, to said defendant Benjamin F. Hunt of the premises above mentioned and in the complaint herein described or referred to, was so made as aforesaid to put such premises beyond the reach of the creditors of said Benjamin F. Hunt, senior, and hinder and delay such creditors in the collection of their debts.

And the referee found and deduced as conclusions of law:

1. That the said conveyance, made by the said Benjamin F.

Hunt, senior, to the defendant Benjamin F. Hunt on or about the 7th day of May, 1846, was made and delivered and received with intent to hinder, delay and defraud the creditors of the said Benjamin F. Hunt, senior, and that the said Silas Wood, in his lifetime, and the plaintiffs as executors as aforesaid since his death, being creditors of said Benjamin F. Hunt, senior, as above stated, have been and are hindered, delayed and defrauded thereby. 2. That the said conveyance, as against the said Silas Wood and these plaintiffs, executors as aforesaid, as such creditors, was and is fraudulent and void. 3. That the plaintiffs are entitled to judgment herein declaring said conveyance void as against the said three judgments recovered by their testator, Silas Wood, as above mentioned, and for the payment and collection of said three judgments, with the interest thereon and costs of this action, with, from and out of the said premises and the proceeds and profits thereof, since such conveyance. Whereupon judgment was entered pursuant to said decision, in favor of the plaintiffs and against the defendants Benjamin F. Hunt and wife, on the 23d day of January, 1861, which judgment contained the following directions, viz:

That the premises in the complaint described, or so much thereof as may be necessary, be sold at public auction, in the city and county of New York, by the sheriff of said city and county; that the said sheriff give public notice of the time and place of such sale according to law; that either or any of the parties to this action may purchase at such sale; that the said sheriff execute to the purchaser or purchasers a deed or deeds of the premises sold; that out of the moneys arising from such sale, after deducting the amount of his fees and expenses on such sale, and any lien or liens upon the premises so sold, at the time of such sale, for taxes or assessments, the said sheriff pay to the plaintiffs in this action, or their attorney, the sum of two hundred and nine dollars and eighty cents, adjudged to the plaintiffs for costs and charges in this action and for an allowance herein, and that said sheriff also

pay to the plaintiffs or their attorney the said sum of seven thousand and seventy dollars and sixty-six cents, being the aggregate amount of the several judgments held by the plaintiffs and interest, with interest thereon from the date of the judgment, or so much thereof as the purchase money of said premises will pay of the same ; take a receipt therefor and file it with his report of sale ; and that said sheriff also pay to and deposit with the New York Life Insurance and Trust Company, subject to the order of this court in this action, the surplus money arising from said sale, if any there be remaining, after paying the several sums hereinbefore directed to be paid ; that he make a report of such sale and file it with the clerk of this court; that if the proceeds of such sale be insufficient to pay the several sums of money directed to be paid, with interests and costs, the said sheriff specify the amount of such deficiency in his report of sale. And that in the event of such deficiency the defendant Benjamin F. Hunt, unless he shall elect to pay such deficiency, shall account for the rents and profits of said premises directed to be sold, since the conveyance to him thereof, by said Benjamin F. Hunt, sen., &c.

The defendants, upon affidavits, obtained an order requiring the plaintiffs to show cause, at special term, why the judgment should not be set aside and a new trial granted, and for a stay of proceedings in the meantime. On the 16th day of March, 1861, the court at special term made an order denying the motion.

*David P. Hall* and *D. D. Field,* for the appellants.

*E. S. Van Winkle,* for the respondents.

*By the Court,* LEONARD, J. The fraudulent character of the conveyance from Hunt, sen., to Hunt, jun., one of the defendants, is fully developed in the evidence and the facts

found by the learned justice before whom this action was tried.

Where a party receives a conveyance of land or other property from an insolvent, without actually paying, securing or becoming bound to pay any consideration therefor, no further proof of knowledge or notice of the fraudulent intent of the grantor against his creditors, is necessary in order to charge the grantee with complicity in the fraud. The subsequent voluntary payment by the grantee of valid debts existing against the grantor, or the purchase of obligations against him, or even the payment of some money, subsequently, to the grantor, will not create a presumption in favor of the good faith of the grantee, or sustain the validity of the conveyance. Nor does the grantee, by such evidence alone, present a case which entitles him to demand, as a condition to the granting of relief to the creditors of such a grantor, by adjudging it void and directing a sale of the premises, and the satisfaction of a judgment creditor from the proceeds of the sale, that any provision should be made for the indemnity of the grantee for sums which he has voluntarily paid to parties having demands against the grantor. The complicity of the grantee in the fraud of the grantor deprives him of any right to relief in respect to such payments, from a court of equity. A grantee of a well known insolvent, who cannot show that he paid some present consideration at the time of the conveyance, or then secured or undertook by some promise to pay in future, cannot claim to be ignorant of the fraudulent intent of the grantor against his creditors. His innocence in such a case is against the well known presumptions as to human action. The point based upon the supposed want of knowledge of the fraud of the grantor in making the conveyance is not well taken.

An exception was taken at the trial, on the part of the defendant Hunt, on account of the refusal of the court to allow the said defendant to be sworn and examined as a witness in his own behalf. The defendant Moultrie, the husband of

one of the children and heirs at law of Hunt, sen., who was also a party defendant, had been examined as a witness for the plaintiffs. The case made by the complaint shows that all the heirs at law of Hunt, sen., are united in interest. It is true, the defendant Hunt, jun., denies the allegations which prove the unity of the interest of the heirs, and claims to own the premises in question in his own right, by the conveyance from Hunt, sen. The plaintiffs cannot be permitted to depart from the case made by their own complaint, and adopt, for the purpose of their objection, the case made by the answer of Hunt, jun.

According to the provisions of section 397 of the code, the defendant Hunt was authorized to give evidence as a witness in his own behalf, because Moultrie, who had been examined as a witness for the plaintiffs, and the defendant Hunt, were co-defendants in the action and united in interest. (*Buchanan* v. *Morrell*, 1 *Bosw.* 602.)

The plaintiffs however bring this action as the executors of a deceased person, and section 399 contained a provision, when this action was tried, enacted in 1857, which declared that a party to an action should not be examined as a witness in his own behalf where the opposite party was an executor of a deceased person. (*See Sess. Laws*, 1857, *vol.* 1, *p.* 744.) This provision has since been somewhat modified, in 1860, shortly after the trial herein, and again in 1862. Certain alterations and additions were made to the section in 1858 and in 1859, but the particular provision referred to continued in full force from 1857 until after the trial of this action, which occurred in January, 1860. The operation of these two sections of the code is in direct conflict in this particular case. The provision last enacted must prevail, as the last expression of the legislative will.

The latter clause of section 397, under which the defendant Hunt claims the right of giving evidence in his own behalf, was enacted in 1852. (*See Sess. Laws, p.* 662.) Under this rule the claim of the defendant Hunt to give evidence in

his own behalf was not sound, and the exception taken in that respect will not avail him.

Another objection is urged arising from the form and directions of the judgment. A sale of the real estate described in the conveyance before referred to is directed by the judgment herein, and that from the proceeds the judgments recovered by the plaintiffs' testator against Hunt, sen., together with the costs of the action, be satisfied, and that the surplus, if any, be deposited in the trust company; and in case the proceeds of the sale shall prove insufficient for the payment of the plaintiffs' said demands and costs, the judgment further directs an accounting by the defendant Hunt of the rents and profits of the premises since they were conveyed to him. Those provisions are irregular.

1st. The provision for an accounting prevents a final judgment from which an appeal can be taken, and a stay of proceedings had until after the accounting. Something remains to be done before judgment, viz. the taking of an account. The judgment is therefore interlocutory. The sale of the premises, according to the judgment, must take place before the accounting. The defendant will be deprived of the right of appeal until after the premises, which he claims the right to hold as his own, have been sold and taken from his possession.

2d. The proceeds of the sale of the premises, after satisfying the judgments of the plaintiffs' testator and the costs of this action, belong to the defendant Hunt, and the judgment should direct the payment of the surplus to him. The conveyance adjudged to be void as against the plaintiffs, is valid as between the parties thereto.

The defendants' counsel insist that these errors and informalities of the judgment amount to a mistrial. The facts and conclusions of law found by the judge at the trial do not afford the authority for inserting the provisions referred to, in the judgment which has been entered. The learned jus-

tice who tried the cause would no doubt have corrected these informalities had his attention been called to them.

There is nothing before the court showing that any objection was made to the form of the judgment when it was settled, or at any time before it was entered. The judgment might have been brought before the court for correction in this respect, by appeal, under subdivisions 3 and 4 of section 349 of the code, as from an order. The appeal herein ought indeed to be treated only as an appeal under the section of the code just mentioned.

If the judgment were to stand as regular, it is not appealable on the merits, because of its interlocutory character above referred to.

The merits of the exceptions taken have been considered, because it was heard as an enumerated motion without objection. The errors in the judgment are those of form only, and should be corrected, but a mistrial is not thereby involved. The judgment must be modified in the manner indicated, as to its form, and the judgment so modified should be affirmed without costs.

The order of March 16, 1861, is not appealable. The application was for favor, which was denied.

The appeal from this order is dismissed, with $10 costs.

[NEW YORK GENERAL TERM, September 15, 1862. *Ingraham, Leonard* and *Barnard*, Justices.]