### WILLIAM W. GILLESPIE *vs.* ANDREW WALKER and MATILDA WALKER.

In an action brought against husband and wife, by a judgment creditor of the husband, to have his judgments declared a lien upon land purchased by the husband for which a conveyance had been taken in the name of his wife, the examination of the husband upon supplementary proceedings instituted against him after third persons had gone into possession of the premises under an agreement with the wife, was offered in evidence against both defendants. *Held* that the ruling of the referee that such examination was competent evidence against the husband only, and not against the wife, was clearly right.

*Held, also,* that a similar ruling as to a declaration of the husband that he had put his property out of his hands, and got it fixed so that neither the plaintiff nor any other creditor could reach it, came within the same principle; as it related to a declaration made after the title to the land was vested in the wife; and such title could not be divested by the subsequent declarations of the husband.

APPEAL from a judgment entered upon the report of a referee, in favor of the defendants.

The material facts are stated in the opinion.

*Gilbert & Rich,* for the appellant.

*George N. Kennedy,* for the respondents.

*By the Court,* FOSTER, J. The plaintiff was the owner of several judgments against Andrew Walker, upon which executions had been issued and returned, and he commenced this action alleging that after the debts were contracted upon which the judgments were recovered, the defendant Andrew Walker invested a large sum of money in a piece of land, and had the conveyance thereof taken in the name of Matilda Walker, his wife, with the intent to defraud the plaintiff and his other creditors; and demanded that the judgments be declared a lien upon the land, for the payment of them.

The answer of the defendants claimed that at the time of the marriage of the defendants, Andrew Walker owed

his wife $450; that only that sum belonging to Andrew was invested in that land, and that the same was in payment of the amount which he owed her.

On the trial, the debts, judgments, executions and returns were proved, and it was proved that the plaintiff was the owner of them; and there was no dispute but that $450, being part of the proceeds of the sale of a boat belonging to Andrew Walker, was used in paying for the land in question; and that the deed thereof was taken in the name of Matilda Walker, and the premises were claimed by her; and the only question of fact in dispute, was whether Andrew Walker, previous to and at the time of their marriage, owed her the $450. The defendants, who were both sworn as witnesses for the plaintiff, proved by their own oaths, and by the testimony of two other witnesses, that more than a year and a half before their marriage, Andrew Walker hired Matilda, who was the sister of his deceased wife, to work for him on board his canal boat, and to keep house for him when not employed on the boat, at the price of $4 per week; and both defendants and one of the other witnesses testified that she did work for him, under that contract, for one year and a half, and that the work amounted to $312.

Both defendants also testified that, before their said marriage, she sold to him a quantity of furniture, consisting chiefly of bedding and carpets, amounting to $138; and both defendants swore that no part of either of said sums was ever paid to her until the $450 was paid towards the land.

To rebut this evidence, the plaintiff proved by his own oath, and by one other witness, that the usual price paid for hired girls was from 75 cents to $2 per week; but no proof was given to show what was usually paid to women for working on a canal boat. The plaintiff also proved, by two persons, that shortly after the defendants were

Gillespie *v.* Walker.

married, Matilda said that Andrew had paid her for her work, as she went along.

I think the finding of the referee, that the debt of $450 was owing to Matilda Walker, from her husband, was supported by the evidence, and was right; but at all events, there was much direct testimony to support it; and although there was a conflict in the evidence, we have no right to grant a new trial for any supposed error of the referee in determining the question. He saw the witnesses, and their appearance and manner of testifying, and could better determine than we can the degree of credit to be given to them. It is enough that no controling weight of evidence against the finding appears.

Some eight or nine months after the payment of the $450 towards the land, and while one Cornue and one Saule were in possession of it, under some agreement with Matilda Walker, Andrew Walker was examined upon supplementary proceedings instituted against him; and on the trial of this action the plaintiff's counsel offered to read his examination, as evidence, against both defendants, to which the defendants' counsel objected. The referee held that it was competent evidence as against Andrew Walker only, and not against his wife. To which ruling the plaintiff's counsel excepted. This ruling was undoubtedly right. It was no more competent, as against his wife, to read his subsequent examination in evidence, than it would have been to give his subsequent declarations against her, when he was not in any way in possession of the property in dispute.

The plaintiff also offered to show, by his own testimony, but without specifying any time when it occurred, "that Andrew Walker told him he had put his property out of his hands, and got it fixed so that the plaintiff, nor any other creditor, could reach it;" to which offer the defendants' counsel objected. The objection was sustained, and the plaintiff's counsel excepted.

This ruling is within the principle before laid down. It is evident that it called for a declaration made after the title to the land was vested in the wife, and that title could not be disturbed by his subsequent declarations.

Other questions are raised by the case, but they were not relied upon by the plaintiff's counsel on the argument; and I am clearly of the opinion that no error was committed by the referee, and the judgment should be affirmed.

Judgment affirmed, (all concurring.)

[ONONDAGA GENERAL TERM, October 1, 1867. *Morgan, Bacon, Foster* and *Mullin,* Justices.]