Bennett v. McGuire.

5    183
60h  437

---

GEORGE H. BENNETT, Respondent, *v.* HUGH McGUIRE, MARTIN ARMSTRONG and BRIDGET McGUIRE, Appellants.

(GENERAL TERM, THIRD DEPARTMENT, FEBRUARY, 1871.)

It seems a judgment creditor after instituting supplementary proceedings upon his judgment, and before appointment of a receiver, may bring an action in the nature of a creditor's bill to set aside an assignment of property.

Where an insolvent judgment debtor is shown to have assigned property through a third person to his wife without payment of any consideration, the whole transaction being concluded at one time, it seems, fraudulent intent on the part of the debtor may properly be inferred, and a judgment based upon such an inference will be sustained.

And so it seems there may be an inference of knowledge of such intent in the intermediate assignee and in the wife from the same circumstances.

The intermediate assignee is, it seems, a necessary party to an action by the judgment creditor to set aside the assignments and have his judgment declared a lien on the property.

In an action to set aside a judgment debtor's assignment of a bond and mortgage through a third person to his wife, the debtor's examination on supplementary proceedings is not admissible in evidence against the assignees.

THE action was brought to set aside an assignment of a bond and mortgage as fraudulent, and tried at Special Term in Saratoga county before Justice BOCKES, without a jury, in January, 1871. It appeared upon the trial that the defendant, Hugh McGuire, at the commencement of the year 1870, and while owning and living upon a certain farm, situated in the county of Saratoga, became indebted to the respondent; that on the 4th day of May, 1870, the plaintiff recovered judgment upon the claim against Hugh McGuire for the sum of $203.10 damages and costs before a justice of the peace in said county; that on the 11th day of May, 1870, a transcript of the judgment was filed with the clerk of the proper county; an execution issued to the sheriff of the county of Saratoga on the judgment, and returned wholly unsatisfied; that on the 24th of May, Hugh McGuire was duly examined pursuant to section 292 of the Code; that on the 30th of May the defendant, Martin Armstrong, was examined in the proceedings pursuant to section 294 of said Code; that no receiver in said proceedings had been appointed; that on the 18th day of April, 1870, and after the plaintiff's debt had accrued, the defendant Hugh was the owner and possessor of a certain bond and mortgage of the value of $1,000, executed by John Burke and wife, which mortgage was a valid lien upon said farm; that on said 18th day of April, the defendant Hugh assigned and transferred the bond and mortgage to the defendant, Martin Armstrong, without consideration, by an instrument in writing, with the nominal consideration of one dollar expressed therein, without any covenant or agreement to pay any sum whatever; that at the same time and for the same consideration mentioned, Martin Armstrong assigned and transferred the bond and mortgage to the defendant, Bridget McGuire, the wife of Hugh; that at the time of the transfers said Hugh was insolvent, and had no other property whatever, and was indebted to various persons; that the indebtedness or judgment of said plaintiff against Hugh remained unpaid, and in consequence of the assignments of the bond and mortgage the plaintiff has been unable

to collect the same. Upon the trial a motion was made by the defendants for a nonsuit, and objections made to the admission of testimony and overruled, which are stated sufficiently in the opinion. The judge found that said transfers of said bond and mortgage were made by said defendants without consideration for the purpose of defrauding the creditors of Hugh in the enforcement and collection of their debts, and did have that effect, and each of them was and is fraudulent and void as to said creditors, and that the plaintiff was entitled to have his judgment satisfied from said bond and mortgage, with costs, and directed the appointment of a receiver to collect the same. Judgment was entered and the defendants appealed from the judgment to the General Term of the Supreme Court.

*J. W. Eighmy* for the appellants.

*Batcheller & Hill* for the respondent.

Present—MILLER, P. J.; POTTER and PARKER, JJ.

By the Court—MILLER, P. J. This action was brought by a judgment creditor of the defendant, Hugh McGuire, to set aside an assignment of a bond and mortgage belonging to said defendant, McGuire, and by him assigned to the defendant Armstrong, and by said Armstrong assigned to the wife of McGuire, who is also made a defendant. It is based upon the ground that the assignment was without consideration, and was fraudulent and void as to the plaintiff.

It is insisted by the defendant's counsel that the action should have been brought in the name of a receiver under section 299 of the Code, and not in the name of a judgment creditor, and that the court erred in denying the motion made for a nonsuit upon this ground. While it is not denied that a creditor may maintain such an action on the return of an execution unsatisfied, it is claimed that where a party institutes proceedings under the provisions of the Code he is

estopped from abandoning them and bringing an action individually, and can only proceed through the instrumentality of a receiver appointed under the proceedings. Conceding that this may be the case where a receiver has been actually appointed, I think that such is not the rule in all cases.

The authorities hold that where it appears, in proceedings supplementary to execution, that property of a judgment debtor is in the hands of a third person who claims title, the judge cannot try the question of title summarily, but a receiver must be appointed to bring an action for that purpose. (*Rodman* v. *Henry*, 17 N. Y., 484; *Teller* v. *Randall*, 40 Barb., 242.) So also, an action to recover a debt due the judgment debtor from a third person must be brought by a receiver appointed under the provisions of the Code. (*Sherwood* v. *Buffalo R. R. Co.*, 12 How. Pr. R., 136; *Edmondston* v. *McLoud*, 19 Barb., 357; *Crounse* v. *Whipple*, 34 . How., 333.) The doctrine held in these cases is not in the way of an action in the nature of a creditor's bill for the purpose of having an assignment or other disposition of property by a judgment debtor declared fraudulent and the property applied to the satisfaction of the judgment. (See *Goodyear* v. *Betts*, 7 How., 187.) The right of a judgment creditor to maintain an action, of the character of the one at bar, has been repeatedly held. In *Catlin* v. *Doughty* (12 How., 457), it was decided that the former action, by judgment creditor's bill, is still in force and may be resorted to after execution returned unsatisfied in whole or in part. In *Gere* v. *Dibble* (17 How., 31) it was held, that a creditor's suit may be maintained by judgment creditors on their own account, *after a receiver has been appointed* in supplementary proceedings, to set aside as fraudulent and declare void a mortgage previously given by the judgment debtor upon his real estate, &c., when the judgments were liens, prior to the appointment of a receiver. In *Hammond* v. *The Hudson R. I. and M. Co.* (20 Barb., 378) it was held, that an action will lie to reach property and effects in the hands of

Bennett *v.* McGuire.

parties who, it is alleged, have fraudulently received the same from the judgment debtors, and unjustly assert a claim thereto against the plaintiff's judgment and execution. The remark of the learned judge who wrote the opinion in the case last cited, that the Code applies to those cases only where proceedings have been instituted, upon which some stress is laid, is undoubtedly true, and applies where a receiver has been appointed ; and although it has been held that a receiver can maintain an action to set aside a fraudulent assignment (*Porter* v. *Williams*, 5 Seld., 148), yet, as was said in *Gere* v. *Dibble, supra,* "it was not decided that a judgment creditor could not maintain the action after the appointment of the receiver." Certainly not, that no action could be maintained where a receiver had not been appointed, as is the fact in the case at bar.

It is plain, I think, that the action was properly brought in the plaintiff's name, and there is no force in the objection taken.

The court committed no error in holding that the assignments were made for the purpose of hindering, delaying and defrauding the plaintiff in the collection of his debt. It appeared that the defendants, Armstrong and Bridget McGuire, the wife of the judgment debtor, received the transfers of the bond and mortgage in question upon the same day, without paying or securing, or becoming liable to pay, therefor, any consideration whatever. There were circumstances, in connection with the fact that the transfer was formally passed to the wife, and that there was no proof to rebut the presumption of fraudulent intention, where the defendants had full opportunity to present it, from which a fraudulent intent might be presumed. And it might fairly be inferred by the judge, from these facts and circumstances, that Armstrong and the judgment debtor's wife had full knowledge of the fraudulent intent to prevent the creditor from collecting his demand. (*Wood* v. *Hunt*, 38 Barb., 302; *Newman* v. *Cordell*, 43 Barb., 448.) It was quite evident that the bond and mortgage was a gift from the judgment debtor to his wife,

after he had become insolvent and while he had debts unpaid, and the evidence therefore presented a question of fact as to the intent, from which only one inference could be drawn by the court. Even if it be conceded that in some cases fraud will not be inferred from the want of consideration alone, yet the question of fraudulent intent is a question of fact. (*Dygert* v. *Remerschnider*, 32 N. Y., 629.) And when there is sufficient evidence to sustain the finding it cannot be disturbed.

I think that the court properly refused to nonsuit as to the defendant Armstrong. Armstrong took the assignment of the bond and mortgage, and thereby made himself a party to its fraudulent transfer. It was quite as essential to set it aside, as to him, as it was to annul the assignment made by him to the wife of the judgment debtor. Both of the assignments were obstacles in the way of collecting the plaintiff's demand, and all the defendants had participated in creating them; and, therefore, Armstrong was properly held as a party to the action.

It is also objected that the court erred upon the trial, in admitting evidence of Hugh McGuire's testimony, taken upon his examination in proceedings supplementary to execution upon the plaintiff's judgment. I think the judge erred in the admission of this testimony. In *Gillespie* v. *Walker* (56 Barb., 185), it was held, in a case bearing a striking similarity to the one now considered, that the examination of the husband was competent evidence against the husband only, and not against the wife. The distinct objection was taken on the trial, in the case at bar, that it was inadmissible for any purpose against Armstrong and Bridget McGuire, and the testimony admitted generally, without any restriction as to its effect. The testimony, therefore, may have had an effect upon the mind of the judge as to these defendants, and where such is the case the judgment cannot stand. That such evidence is inadmissible was also held in *Cuyler* v. *McCartney* (40 N. Y., 221). It was not competent, as declarations made in execution of a common purpose to defraud, as it was only an examination of the defendant in a legal proceeding

The appointment of a receiver by the judge was in accordance with the settled practice in such case, and not erroneous. Although the case was properly tried in other respects, the admission of the improper evidence referred to was a fatal error, and the judgment must be reversed and a new trial granted, with costs to abide the event.

New trial granted.