## GEORGE H. BENNETT *vs.* HUGH McGUIRE, MARTIN ARMSTRONG and BRIDGET McGUIRE.

A judgment creditor, after instituting proceedings supplementary to execution, against his debtor, may abandon such proceedings, and commence an action, in his own name, to set aside assignments of a bond and mortgage, by the debtor and his assignee, as without consideration and fraudulent and void as to him, instead of proceeding in the name of a receiver appointed under section 299 of the Code.

Conceding that where a receiver has been actually appointed, the action should be brought by him, such is not the rule in all cases. The principle authorizing a receiver to sue in certain cases, is not in the way of an action by a judgment creditor, in the nature of a creditor's bill, for the purpose of having an assignment or other disposition of property by the debtor declared fraudulent, and the property applied to the satisfaction of the judgment.

M., a debtor of the plaintiff, who was insolvent, owing debts to various persons, assigned a bond and mortgage owned by him, to A. without consideration, by an instrument expressing the nominal consideration of one dollar, and A., on the same day, and for the same consideration and no other, assigned such securities to M.'s wife; the assignees receiving such transfers without paying or securing, or becoming liable to pay, therefor, any consideration whatever. *Held* that a fraudulent intent on the part of M. to prevent the plaintiff from collecting his demand, might be presumed; and that it might be fairly inferred, from the facts and circumstances, that A. and the wife of M. had full knowledge of such fraudulent intent.

Even if it be conceded that in some cases fraud will not be inferred from the want of consideration, alone, yet the question of fraudulent intent is a question of fact; and where there is sufficient evidence to sustain a finding of fraudulent intent, it cannot be disturbed.

Where fraudulent assignments made by a judgment debtor are obstacles in the way of a creditor's collecting his demand, all who have participated in creating them are properly made parties to an action to set the assignment aside.

Where improper testimony is admitted, which may have influenced the mind of the judge, before whom an action is tried, the judgment cannot stand.

In an action against a judgment debtor and his assignee, to set aside assignments of securities made by him in fraud of creditors, the testimony of the debtor, taken upon his examination in proceedings supplementary to execution on the plaintiff's judgment, is inadmissible as against the assignee, and the wife of the debtor, who has taken a subsequent assignment of the securities, from such assignee.

THE action was brought to set aside two assignments of a bond and mortgage as fraudulent, and was tried at a special term in Saratoga county, before Justice Bockes, without a jury, in January, 1871. It appeared upon the trial that the defendant Hugh McGuire, at the commencement of the year 1870, and while owning and living upon a certain farm, situated in the county of Saratoga, became indebted to the plaintiff. That on the 4th day of May, 1870, the plaintiff recovered a judgment upon said claim, against said Hugh, for the sum of $203.10 damages and costs, before a justice of the peace in said county. That on the 11th day of May, 1870, a transcript of said judgment was duly filed, with the clerk of the proper county; an execution issued to the sheriff of the county in which said Hugh resided, and by said sheriff duly returned wholly unsatisfied. That on the 24th day of said May, said Hugh was duly examined pursuant to section 292 of the Code. That on the 30th day of said May, the defendant Martin Armstrong was duly examined in said proceedings, pursuant to section 294 of the Code. That no receiver in said proceedings has been appointed. That on the 18th day of April, 1870, and after the plaintiff's debt had accrued, the defendant Hugh was the owner and possessor of a certain bond and mortgage of the value of $1000, executed by John Burke and wife, which mortgage was a valid lien upon said farm. That on said 18th day of April, the defendant Hugh assigned and transferred said bond and mortgage to the defendant Martin Armstrong, without consideration, by an instrument in writing, with the nominal consideration of one dollar expressed therein, without any covenants or agreement to pay any sum whatever. That at the same time, and for the same consideration mentioned, and no other, said Martin Armstrong assigned and transferred said bond and mortgage to the defendant Bridget McGuire, the wife of said Hugh. That at the time of said transfers said Hugh was insolvent,

Bennett *v.* McGuire.

and had no other property whatever, and was indebted to various persons, in divers sums. That said indebtedness or judgment of the plaintiff against said Hugh, still remains unpaid, and in consequence of the aforesaid assignments of said bond and mortgage, the plaintiff has been unable to collect the same. Upon the trial a motion was made by the defendants for a nonsuit, and objections made to the admission of testimony, and overruled; which are stated sufficiently in the opinion. The judge found that said transfers of the bond and mortgage were made by the defendants without consideration, and for the purpose of defrauding the creditors of said Hugh, in the enforcement and collection of their debts; that they did have that effect, and each of them was and is fraudulent and void as to said creditors; and that the plaintiff was entitled to have his judgment satisfied from said bond and mortgage, with costs; and he directed the appointment of a receiver to collect the same. Judgment was entered. The defendants appealed from the judgment, to the general term.

*J. W. Eighmy,* for the appellants.

I. The court erred in denying the motion for a nonsuit. This action should have been brought in the name of a receiver, in pursuance of section 299 of the Code, and not in the name of the judgment creditor. Section 299 reads as follows: "If it appear that a person or corporation, alleged to have property of the judgment debtor or indebted to him, claims an interest in the property adverse to him, or denies the debt, such interest or debt shall be recoverable only in an action against such person or corporation, by the receiver," &c. The defendants Armstrong and Bridget are such persons, denominated in this section. Bridget purchased the mortgage and now claims to hold it adverse to Hugh, and it so appeared upon the examination in said proceeding, or there would be no occasion for this suit. Then the whole subject came under section 299,

and an action to set aside the assignments should have been brought in the name of a receiver. (*Edmonston* v. *McLoud*, 19 *Barb.* 357. *Rodman* v. *Henry*, 17 *N. Y.* 484. *Hammond* v. *H. R. I. & M. Co.*, 20 *Barb.* 383. *Locke* v. *Mabbett*, 2 *Keyes*, 457. *Sherwood* v. *Buffalo R. R. Co.*, 12 *How. Pr.* 136. *Catlin* v. *Doughty*, *id.* 457. *Teller* v. *Randall*, 40 *Barb.* 242. *Corning* v. *Tooker*, 5 *How. Pr.* 16. *Goodyear* v. *Betts*, 7 *id.* 187. *Crounse* v. *Whipple*, 34 *id.* 333.) These cases are all in point, and have never been overruled. Section 299 is a wise provision, and becomes necessary, in a case like this, for the protection of a third party who may have purchased a chattel. Suppose there are a dozen creditors of the defendant Hugh McGuier; he has sold his mortgage, and his wife, Bridget, has become a *bona fide* holder and owner for value, but all these creditors wish to test the validity of her title. If the plaintiff can maintain this action, then each of the creditors can do the same, and there would be a dozen suits against Bridget, involving her in a great mass of troublesome and expensive litigation. It has been the intention of the law makers to protect parties and relieve them from troublesome and vexatious law suits, and such was the intention of section 299. It has been settled that there can be but one receiver. He is a trustee for all the creditors, in their order, and any question as to the validity of a transfer must necessarily be settled by one suit, and for the benefit of all the creditors. If this action can be maintained in the name of the judgment creditors, it in fact gives the creditor the right to try the question twice. If he was beaten upon this trial he could bring another action in the name of a receiver appointed in said proceeding. A receiver can bring an action like this, (*Seymour* v. *Wilson*, 15 *How.* 355; 10 *Abb.* 197,) and this action would be no bar. The legislature saw the danger of this, and adopted section 299 to apply in a case like this; and where will it apply if not in this case? In the case of

Bennett *v.* McGuire.

*Edmonston* v. *McLoud*, (*supra*,) Welles, J., says, "that these provisions of the Code, in relation to proceedings supplementary to execution, were intended to be complete, and to afford a judgment creditor instituting proceedings under them the full benefit, and to put him in possession of all his rights," &c. And again he says, in the same case, "An action by the receiver would be in substance a continuation of the proceedings, or at least the carrying out of these proceedings under the provisions of the Code." The counsel for the plaintiff admits that if a receiver had been appointed in said proceeding, then the action should have been brought in the name of such receiver. It does not appear whether there was or was not a receiver appointed, and this court cannot presume that there was not a receiver, any more than that there was. Again, the counsel for the plaintiff urges that the former creditor's suit was not repealed by the Code. This may be so. The creditor may still have that right of action to remove any obstruction between him and the debtor's property, on the return of an execution unsatisfied; but the practice is well settled that where a party places himself under the provisions of the Code, and there attempts to recover his rights, he is estopped from abandoning them and going back to some other form and practice. But as to this question, Bockes, J. says, in 20 *Barb.* 383, "Section 299 of the Code applies to those cases only where proceedings supplementary to execution have been instituted under chapter 2, title 9 thereof." (*Goodyear* v. *Betts*, 7 *How. Pr.* 187.) Miller, J., in the case of *Teller* v. *Randall*, (40 *Barb.* 242;) Denio, Ch. J., in the case of *Locke* v. *Mabbett*, (2 *Keyes*, 461,) and Miller, J., in the case of *Crounse* v. *Whipple*, (34 *How. Pr.* 333,) all say that where property is discovered, upon the examination in proceeding supplementary to execution, in the hands of some person who claims to own it, the proper course to be pursued is to appoint a receiver and

bring an action in the name of the receiver to test the validity of the claim.

There is no authority in the books that holds that a creditor can bring this action at any time before the receiver is appointed, which seems to be the theory of the counsel for the plaintiff. But all the decisions that bear on this question are to the effect that where proceedings supplementary to execution are commenced, then the action, like this, should be in the name of a receiver.

The Supreme Court will not interfere in this matter. The plaintiff has a proceeding pending in the county court, in which all these defendants are parties, for the same subject matter. I think the law will not permit the plaintiff to proceed in both the county and Supreme Court at the same time. He must elect which he will proceed in; and having chosen the proceeding supplementary to execution, in the county court, which is ample to recover all his rights, he must proceed therein; and this court will not take cognizance of the matter until he has exhausted his remedy there, and only then in an action in the name of a receiver. It is not necessary to have the aid of this court until after a receiver is appointed. When there is some obstruction between such receiver and the debtor's property, which can only be removed by an action, the proceeding in the county court is in the nature of a bar to this action.

It is submitted that the learned judge did not properly consider this question when presented, and that this court will, as in the case of *Edmonston* v. *McLoud*, (19 *Barb.* 357,) grant the nonsuit asked for, and order judgment absolutely for the defendants.

II. The court erred in allowing the plaintiff to testify and give evidence against Armstrong and Bridget McGuire. It was alleged in the complaint, and denied in the answer, that Hugh McGuire was insolvent. It became necessary for the plaintiff to prove this, as against

Bennett *v.* McGuire.

Armstrong and Bridget, or Bridget's title would be valid. If Hugh was solvent on the day when he assigned the mortgage—and the presumption is that he was—then the plaintiff's claim was good, and he was not injured by the assignment being made, and the plaintiff would have no right of action against either Armstrong or Bridget. The question calls for what Hugh said when being examined, six weeks after making the assignment, and when not in the presence of either of the defendants. Anything that Hugh said subsequent to the time of making the assignment would not be competent against the assignee, for the purpose of impeaching and declaring void the assignee's title. It would not be competent even if the assignee was present; for how could the assignee be responsible, or affected by what the assignor might say after the transaction was completed. But Armstrong and Bridget were not present, and what he said is not admissible. (*Gillespie* v. *Walker*, 56 *Barb*. 185.) It was not the best evidence. The best evidence would be from Hugh. He should have been called upon, and asked what property he had on the day he assigned the mortgage; and then the inquiry should have been confined to the time when the assignment was made, because he might have been solvent on that day, and the plaintiff's claim abundantly good, independent of the mortgage, and became insolvent by the time he was speaking, or even before any judgment was obtained against him. If such was the case, it was not a fraudulent transaction against the plaintiff. It was not the best evidence; it was hearsay and secondary. If the examination of Hugh, referred to, had been produced and offered, it would not be admissible against Armstrong or Bridget. (*Gillespie* v. *Walker, supra.*) Bridget is the only party in interest; she is defending her title. Hugh and Armstrong have but little interest, except to save themselves from costs. She has purchased the mortgage and paid for it, and has a right to insist on a strict

adherence to the rule. The declarations of an assignor, made long subsequent to the assignment, and when not in the presence of the assignee, should not be admitted for the purpose of taking away the assignee's title. All the evidence given by the plaintiff was improper; and for this error the judgment should be reversed.

III. The court erred in denying the motion for a non-suit, and also in finding and reporting that the assignments were made for the purpose of hindering, delaying and defrauding the plaintiff in the collection of his debt. It is well settled that a fraud cannot be presumed; it must be proved. There is no evidence which will sustain a court or jury in finding that there was a fraud in this transaction. John Burke and wife gave to Hugh Mc-Guire a bond and mortgage, and Hugh assigned the same to Martin Armstrong, and Armstrong assigned to Bridget. There was only a consideration of one dollar mentioned, but that does not make it a fraud on its face. If there had been no consideration mentioned, it would be a valid assignment, because it is under seal. It was not admitted that only a consideration of one dollar was paid, but that is the amount expressed in its face. The assignee paid full value for the mortgage, but for some cause the assignment was thus drawn. It is a common occurrence to so draw an assignment, or even to draw one without mentioning any consideration. It is not shown that either Armstrong or Bridget knew that Hugh was insolvent, or that he owed any debts, or that they did not pay the full value of the mortagage. There is no evidence of the value of the mortgage. There is no evidence of fraud. The burden of showing all this was upon the plaintiff, and it must be shown in order to maintain the action. Fraud in a conveyance will not be inferred from the want of consideration; but the burden of proving the intent is upon the creditor who impeaches the conveyance. (*Loeschigk* v. *Hatfield*, 5 *Robt.* 26. *Auburn Exch. Bank* v.

*Fitch,* 48 *Barb.* 344. *Holmes* v. *Clark, Id.* 237. *Dygert* v. *Remerschnider,* 32 *N. Y.* 629. *Carpenter* v. *Muren,* 42 *Barb.* 300. *Waterbury* v. *Sturtevant,* 18 *Wend.* 353–365. *Baker* v. *Gilman,* 52 *Barb.* 26. 18 *Wend.* 553. 1 *Barb. Ch.* 220.) There was no judgment against Hugh when he made the assignment, and it is not shown that he was insolvent, or anything by which Armstrong or Bridget should have been put on their guard. Hugh then had a right to sell his property and give such an assignment as the purchaser desired.

*Batcheller & Hill,* for the respondent.

I. The action was properly brought in the name of the plaintiff, no receiver having been appointed. (*Catlin* v. *Doughty,* 12 *How.* 428. · *Hammond* v. *Hudson Riv. Iron Co.* 20 *Barb.* 378.)

II. The fraudulent intention of all the defendants was fully shown. The defendants Armstrong and Bridget, receiving the transfers of the bond and mortgage in question, without actually paying, securing or becoming bound to pay any consideration therefor, they are presumed to have knowledge of the fraudulent intent of the defendant Hugh. (*Wood* v. *Hunt,* 38 *Barb.* 302. *Newman* v. *Cordell,* 43 *id.* 448.) There being no denial of the fraudulent intention of the defendants, by them on the trial, when they had an opportunity to deny, the plaintiff's presumptive evidence of such intention thereby becomes conclusive. The transfers of the bond and mortgage was but the gift of an insolvent party to his wife, leaving his debts unpaid.

IV. The plaintiff's evidence of Hugh's statements in the supplementary proceedings was properly received. Where fraud against creditors is alleged, the declarations of the debtor and all others concerned in the fraud are admissible. (*Woodhouse* v. *Jones,* 5 *N. Y. Leg. Obs.* 20.) The same principle does not apply to this case that applies in the case of a bona fide transfer of a demand for a valuable consideration, without fraud.

*By the Court,* MILLER, P. J.   This action was brought by a judgment creditor of the defendant Hugh McGuire, to set aside an assignment of a bond and mortgage belonging to said defendant McGuire, and by him assigned to the defendant Armstrong, and by said Armstrong assigned to the wife of McGuire, who is also made a defendant. It is based upon the ground that the assignment was without consideration, and was fraudulent and void as to the plaintiff.

It is insisted by the defendants' counsel that the action should have been brought in the name of a receiver, under section 299 of the Code, and not in the name of a judgment creditor; and that the court erred in denying the motion made for a nonsuit upon this ground.   While it is not denied that a creditor may maintain such an action on the return of an execution unsatisfied, it is claimed that where a party institutes proceedings under the provisions of the Code, he is estopped from abandoning them and bringing an action individually, and can only proceed through the instrumentality of a receiver appointed under the proceedings.   Conceding that this may be the case where a receiver has been actually appointed, I think that such is not the rule in all cases.   The authorities hold that where it appears in proceedings supplementary to execution, that property of a judgment debtor is in the hands of a third person, who claims title, the judge cannot try the question of title summarily, but a receiver must be appointed to bring an action for that purpose.   (*Rodman* v. *Henry,* 17 *N. Y.* 484.   *Teller* v. *Randall,* 40 *Barb.* 242.)   So also an action to recover a debt due the judgment debtor from a third person must be brought by a receiver appointed under the provisions of the Code.   (*Sherwood* v. *Buffalo R. R. Co.,* 12 *How. Pr.* 136.   *Edmonston* v. *McLoud,* 19 *Barb.* 357.   *Crounse* v. *Whipple,* 34 *How.* 333.)   The doctrine held in these cases is not in the way of an action in the nature of a creditor's bill for the purpose of having

Bennett *v.* McGuire.

an assignment or other disposition of property by a judgment debtor declared fraudulent and the property applied to the satisfaction of the judgment. (*See Goodyear* v. *Betts,* 7 *How.* 187.) The right of a judgment creditor to maintain an action of the character of the one at bar has been repeatedly held. In *Catlin* v. *Doughty,* (12 *How.* 457,) it was decided that the former action by judgment creditor's bill is still in force, and may be resorted to after execution returned unsatisfied in whole or in part. In *Gere* v. *Dibble,* (17 *How.* 31,) it was held that a creditor's suit can be maintained by judgment creditors on their own account, *after a receiver has been appointed* in supplementary proceedings, to set aside as fraudulent, and declare void, a mortgage previously given by the judgment debtor, upon his real estate, &c., where the judgments were a lien prior to the appointment of a receiver. In *Hammond* v. *The Hudson River Iron and Machine Co.,* (20 *Barb.* 378,) it was held that an action will lie to reach property and effects in the hands of parties who, it is alleged, have fraudulently received the same from the judgment debtors, and unjustly assert a claim thereto against the plaintiff's judgment and execution. The remark of the learned judge who wrote the opinion in the last case cited—that the Code applies to those cases only where proceedings have been instituted—upon which some stress is laid, is undoubtedly true, and applies where a receiver has been appointed; and although it has been held that a receiver can maintain an action to set aside a fraudulent assignment, (*Porter* v. *Williams,* 5 *Seld.* 148,) yet, as was said in *Gere* v. *Dibble,* (*supra,*) "it was not decided that a judgment creditor could not, after the appointment of the receiver;" certainly not, that no action could be maintained where a receiver had not been appointed, as is the fact in the case at bar.

It is plain, I think, that the action was properly brought

in the plaintiff's name, and there is no force in the objection taken.

The court committed no error in holding that the assignments were made for the purpose of hindering, delaying and defrauding the plaintiff in the collection of his debt. It appeared that the defendants Armstrong and Bridget McGuire, the wife of the judgment debtor, received the transfers of the bond and mortgage in question upon the same day, without paying or securing, or becoming liable to pay, therefor, any consideration whatever. These were circumstances in connection with the fact that the transfer was formally passed to the wife, and that there was no proof to rebut the presumption of fraudulent intention, when the defendants had full opportunity to present it, from which a fraudulent intent might be presumed; and it might fairly be inferred by the judge, from the facts and circumstances, that Armstrong and the judgment debtor's wife had full knowledge of the fraudulent intent to prevent the creditor from collecting his demand. (*Wood* v. *Hunt*, 38 *Barb*. 302. *Newman* v. *Cordell*, 43 *id*. 448.) It was quite evident that the bond and mortgage was a gift from the judgment debtor to his wife, after he had become insolvent, and while he had debts unpaid; and the evidence presented a question of fact as to the intent, from which only one inference could be drawn by the court. Even if it be conceded that in some cases fraud will not be inferred from the want of consideration alone, yet the question of fraudulent intent is a question of fact. (*Dygert* v. *Remerschnider*, 32 *N. Y.* 629.) And where there is sufficient evidence to sustain the finding, it cannot be disturbed.

I think that the court properly refused to nonsuit as to the defendant Armstrong. Armstrong took the assignment of the bond and mortgage, and thereby made himself a party to its fraudulent transfer. It was quite as essential to set it aside as to him as it was to annul the assignment

Bennett *v.* McGuire.

made by him to the wife of the judgment debtor. Both the assignments were obstacles in the way of collecting the plaintiff's demand, and all of the defendants had participated in creating them; and therefore Armstrong was properly held as a party to the action.

It is also objected that the court erred upon the trial in admitting evidence of Hugh McGuire's testimony taken upon his examination in proceedings supplementary to execution upon the plaintiff's judgment.

I think the judge erred in the admission of this testimony. In *Gillespie* v. *Walker*, (56 *Barb.* 185,) it was held, in a case bearing a striking similarity to the one now considered, that the examination of the husband was competent evidence against the husband only, and not against the wife. The distinct objection was taken on the trial, in the case at bar, that it was inadmissible for any purpose, against Armstrong and Bridget McGuire, and the testimony admitted generally, without any restriction as to its effect. The testimony therefore may have had an effect upon the mind of the judge, as to these defendants; and where such is the case the judgment cannot stand. That such evidence is inadmissible was also held in *Cuyler* v. *McCartney*, (40 *N. Y.* 221.) It was not competent as declarations made in execution of a common purpose to defraud, as it was only an examination of the defendant in a legal proceeding.

The appointment of a receiver by the judge was in accordance with the settled practice in such cases, and not erroneous.

Although the case was properly tried in other respects, the admission of the improper evidence referred to was a fatal error, and the judgment must be reversed, and a new trial granted, with costs to abide the event.

New trial granted.

[THIRD DEPARTMENT, GENERAL TERM, at Elmira, April 4, 1871. *Miller*, P. J., and *Potter* and *Parker*, Justices.]