Miller v. Jamison.

|     |     |
| --- | --- |
| 24  | 41  |
| 46  | 372 |

### MILLER vs. JAMISON and others.

1. A purchaser at a sale under an attachment is clothed with all the rights of the attaching creditor; and a voluntary conveyance by the debtor, pending the attachment, to a grantee having full knowledge of the attachment, is void as against such purchaser.

2. Where, besides the prayer for general relief, a part of the prayer of the bill is substantially that a deed may be set aside, the bill will not, because part of the prayer is that the defendant may be decreed to give the complainant possession of the land, be treated as a bill for possession, and be dismissed, on the ground that ejectment is the proper remedy.

3. Under the prayer for general relief, the complainant may have other special relief than that prayed for, if it be consistent with the case made by the bill.

4. Under a general demurrer for want of equity, no objection for want of form can properly be raised.

5. A mortgagee holding a mortgage given by a person holding title under a fraudulent conveyance, is a proper party to a suit to set aside such conveyance.

6. All persons participating in making a fraudulent conveyance, are proper parties to a suit to set aside such conveyance.

7. A defendant cannot demur to a bill, merely because other persons are improperly made defendants to the suit. The objection can only be taken by the parties themselves.

Argued on bill and general demurrer filed by Mrs. Jamison.

*Mr. Kingman,* for the demurrer.

*Mr. Westcott,* contra.

THE CHANCELLOR.

The bill is filed to set aside a conveyance of land alleged to be fraudulent. The complainant was admitted as a creditor under an attachment, in this state, by virtue of which the right, title, and interest of the defendant in attachment, Charles B. Dungan, in the land (situated in Cape May), was sold. At the sale the complainant became the purchaser. He alleges that, at the time of the attachment, the defendant therein was the real owner of the land; that, though the title stood in the name of his son, yet it was conveyed to the latter by the father's direction, and was held by the son in secret trust for his father, with the intent to defraud the father's creditors; that the son was then only about twenty-one years of age, and without property, and that the father paid all the purchase money.

The bill alleges that the son, by direction of his father, conveyed the land, without consideration, to his aunt, his father's sister, Mrs. Jamison; and that, at the time of that conveyance, she had full knowledge of the complainant's debt, and of the attachment, which was then pending. It also states that Mrs. Jamison has given to her sister, Mary A. Scattergood, a mortgage on the premises.

The complainant, as purchaser under the attachment, is clothed with all the rights of the attaching creditor. *Hildreth* v. *Sands,* 2 *Johns. Ch.* 35. In this case, he was himself a creditor under the attachment. Under the circumstances set out in the bill, the voluntary conveyance to Mrs. Jamison cannot be sustained against him.

Mrs. Jamison has filed a general demurrer, based upon the

prayer of the bill, and the objection that the bill is multifarious.

As to the first objection : It is insisted that, inasmuch as part of the prayer is that the court will decree that Mrs. Jamison give the complainant possession of the land, this determines the character of the bill, and is sufficient to induce the court to treat it as a bill for possession, and therefore to dismiss it, on the ground that an action of ejectment is the proper remedy for the complainant, and a court of law the appropriate forum.

The legal title to the land is not in the complainant, but the equitable only. The former is in Mrs. Jamison. The object of the bill is to set aside the conveyance to her. This court is the proper tribunal for the litigation. *Hildreth* v. *Sands, supra.*

The prayer of the bill is not only for possession, but that Mrs. Jamison may account to the complainant for the rents and profits ; that the auditors' deed may be decreed to convey to the complainant a good title ; that the deed from James B. Dungan to Mrs. Jamison may be decreed to convey to her no title whatever, or that she may be decreed to convey her right, title, and interest to the complainant, and may be restrained from otherwise conveying away, and from encumbering the premises ; and that the Scattergood mortgage may be decreed to be no encumbrance. The bill also contains a prayer for general relief.

The objection to the bill, on the ground of the character of part of the prayer for special relief, cannot, if otherwise well taken, avail Mrs. Jamison, under her general demurrer. There is equity in the bill. On the case, as stated, the complainant is entitled to a decree against her. A part of the prayer is substantially that her deed may be set aside. This is sufficient for the relief sought. Besides, under the prayer for general relief, the complainant may have other special relief than that prayed for, if it be consistent with the case made by the bill. *Wilkin* v. *Wilkin*, 1 *Johns. Ch.* 117. This, too, is a general demurrer for want of equity, and

under it no objection for want of form can properly be raised. *Marsh* v. *Marsh*, 1 *C. E. Green* 391.

As to the second objection: It is urged that the bill is multifarious, in joining the Dungans and Mary A. Scattergood as defendants. It is clearly not liable to this objection. Mary A. Scattergood is a proper party. The bill seeks to set aside as fraudulent the deed to Mrs. Jamison, on which the mortgage rests. Mrs. Scattergood's interest in the controversy is obvious. The Dungans are also both proper parties. They both took part in the alleged fraud. They both participated in making the fraudulent conveyances. *Robinson* v. *Davis*, 3 *Stockt.* 302; *Bennett* v. *Maguire*, 58 *Barb.* 625. A general demurrer by either of these parties, on the ground of this objection, would be overruled. *Dorsheimer* v. *Rorback*, 8 *C. E. Green* 46.

But, if there were a misjoinder in respect to these parties, or either of them, Mrs. Jamison could not take advantage of it. A defendant cannot demur to a bill, merely because other persons are improperly made defendants to the suit. The objection can only be taken by the parties themselves. *Whitbeck* v. *Edgar*, 2 *Barb. Ch.* 106.

The demurrer is overruled, with costs.