CHARLES G. BALDWIN, as Assignee for the Benefit of Creditors of HEZEKIAH F. DOW, HENRY W. SHORT and ORINDA B. SPERRY, Respondent, v. FANNIE M. SHORT and ORINDA B. SPERRY, Appellants, Impleaded with HENRY W. SHORT and HEZEKIAH F. DOW.

*Fraudulent conveyance — it cannot, where the fraudulent intent was known to the grantee, be held to secure even the actual indebtedness of the grantor to the grantee.*

In an action brought to set aside and vacate a deed of conveyance of land, upon the ground that it was made in fraud of the creditors of the grantor, the trial judge found that at the time of such transfer the grantor was justly indebted to the grantee in the sum of $8,688.96; that the premises conveyed were of the value of $12,000; that the grantee further claimed that the grantor was also indebted to her in the sum of $3,482; that the deed was delivered and received in payment of both debts; that the grantor was not indebted to the grantee for the latter sum ; that the deed in question was made with a fraudulent intention, in which the grantee participated, and directed that a judgment be entered in plaintiff's favor. It was contended that as the court found that the grantor was indebted in the sum of $8,688.96 it should have permitted the deed to stand as security for the sum actually due.

*Held,* that the deed could not be held as a security for the actual consideration, where it was made by the grantor with a fraudulent intent which was known to and participated in by the grantee.

Cases bearing on this question collated by MARTIN, J

*Loos* v. *Wilkinson* (113 N. Y., 485) distinguished.

APPEAL by the defendants, Fanny M. Short and Orinda B. Sperry, from a judgment entered, after a trial at a Special Term held in Onondaga county, in the office of the clerk of Onondaga county on the 18th day of August, 1889, which adjudged a deed, executed by the defendant, Orinda B. Sperry, to the defendant, Fannie M. Short, to be fraudulent and void as against the creditors of the said Orinda B. Sperry and the firm of Douw, Short & Co.

*Louis Marshall,* for the appellants.

*Charles G. Baldwin,* for the respondent.

MARTIN, J.:

The plaintiff sought by this action to set aside a conveyance to the defendant Fannie M. Short by the defendant Orinda B.

Sperry, of the premises described in the complaint. The ground for the relief asked was, that such transfer was made and received with the intent to hinder, delay and defraud the creditors of the grantor, and, was, therefore, fraudulent and void.

The learned trial judge at Special Term found that, at the time of such transfer, the defendant Sperry was justly indebted to the defendant Fannie M. Short, in the sum of $8,688.96; that the premises conveyed were of the value of $12,000; that the defendant Fannie M. Short claimed that the defendant Sperry was indebted to her in the sum of $3,482 for the board of Mrs. Sperry and her daughter; that the deed in question was delivered and received in payment and satisfaction of both of said debts; that the defendant Sperry was not indebted to Mrs. Short for the board of herself and daughter, or for the board of either; that the deed in question was given by Mrs. Sperry with the intent to hinder and defraud her creditors, which intent was known to and participated in by Mrs. Short, and directed a judgment in plaintiff's favor, adjudging the deed from Mrs. Sperry to Mrs. Short to be fraudulent and void, and that Mrs. Short convey the premises described to the plaintiff.

The validity of this decision and the judgment entered thereon is challenged by the appellants upon the grounds: 1. That the findings of facts are against the evidence. 2. That upon the facts, as found, the plaintiff was not entitled to the relief awarded. The evidence seems to be sufficient to sustain the findings of the trial judge, and, therefore, we do not think the judgment should be disturbed on the first ground. But the appellants contend that even if the facts were as found, still the plaintiff was not entitled to the judgment directed. Their claim is, that as the court found that the grantor in this deed was justly indebted to the grantee in the sum of $8,688.96, and that the deed was given in payment of such debt, it should have been upheld so far at least as to have permitted it to stand as security for the sum actually due to the grantee. The authorities cited by the appellants to sustain this claim are to the effect that if a grantee purchases without actual notice of a fraudulent intent on the part of his grantor, but for a consideration so inadequate that it would be inequitable to allow the deed to stand as a conveyance, a court of equity may give it effect as a security for the actual consideration. (*Van Wyck* v. *Baker*, 16 Hun, 168;

*Boyd* v. *Dunlap et al.*, 1 Johns. Ch., 478; *Pond* v. *Comstock*, 20 Hun, 492; affirmed, 87 N. Y., 627; *Bigelow* v. *Ayrault*, 46 Barb., 143.)

Admitting the doctrine of the cases cited, it does not aid the appellants; the court has found that a part of the consideration for this transfer was fictitious, and that it was made by the grantor with a fraudulent intent, which was known to and participated in by the grantee. None of the cases cited sustain the doctrine that a deed may be upheld as security for the actual consideration where such is the case. In *Van Wyck* v. *Baker* the court said: "If a grantee purchases with notice of a fraudulent intent on the part of his grantor, the deed is void, though he pays the full value of the property." In *Boyd* v. *Dunlap* it was said: "A deed fraudulent in fact, is absolutely void, and is not permitted to stand as security for any purpose of reimbursement or indemnity." In *Pond* v. *Comstock* the deed was upheld as a security upon the express ground that the grantee "took the transfer in actual good faith and with good motives." In *Bigelow* v. *Ayrault* the purchase was not made with any fraudulent intent. In *Sands* v. *Codwise et al.* (4 Johns., 537), it was held that where deeds are void on the ground of absolute fraud, they are to be considered as void *ab initio*, and are not allowed to stand as security to the grantee for advances he may have made or responsibilities he may have entered into on account of them. In *Davis* v. *Leopold et al.* (87 N. Y., 620), it was held that where a conveyance is made that is fraudulent as to the creditors of the grantor, and the grantee is a party to the fraud, he is not entitled to protection for any sum paid or liability incurred; the conveyance is absolutely void, and is not permitted to stand as security for any purpose of indemnity or reimbursement. The same doctrine is held in *Union National Bank of Albany* v. *Warner* (12 Hun, 306); *Wood* v. *Hunt et al.* (38 Barb. 302); *Swift* v. *Hart* (35 Hun, 128). In *Billings* v. *Russell* (101 N. Y., 226), it was said by RUGER, Ch. J.: "From this review of the authorities it seems clear that where there is an actual intent to defraud, no form in which the transaction is put can shield the property so transferred from the claims of creditors, even though a full and adequate consideration be received for the same."

We do not think the principle of these case has been changed by

anything decided in *Loos* v. *Wilkinson* (113 N. Y., 485). It is true it was held in that case that a fraudulent grantee ·who was a participant in the fraud, was entitled to be allowed the sums he had paid for taxes, interest on mortgages on the premises, and for repairs and agent's commissions for managing the property and collecting rent, but in the opinion in that case the doctrine, "that a fraudulent grant to a grantee who is a guilty participant in the fraud must, as to the creditors of the grantor, be treated as void *ab initio*," was again asserted.

In view of the uniformity with which it has been held by the courts of this State that a grant made and accepted with fraudulent intent is absolutely void and will not be allowed to stand as security for the consideration, we think it must be held that the court committed no error in holding that the deed in question was fraudulent and void against the creditors of Mrs. Sperry, and in directing judgment setting it aside, and requiring the defendant Fannie M. Short to convey the premises to the plaintiff. We think the admission of evidence of the declarations of Mrs. Sperry was justified by the doctrine of *Loos* v. *Wilkinson* (110 N. Y., 195, 211).

We have examined the other exceptions to the admission of evidence to which our attention has been called, but they disclose no error that would justify a reversal of the judgment herein. We think the judgment should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.